UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | | |
|---|---|---|
| JORDON ROTHERMEL, | ) | CIVIL ACTION NO.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GENERAL MOTORS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### GENERAL MOTORS LLC'S NOTICE OF REMOVAL

Defendant General Motors LLC ("New GM," also sometimes referred to as "GM LLC") removes this action from the Twentieth Judicial Circuit in and for Collier County, Florida to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and based on the following facts:

### BACKGROUND

1. On October 16, 2017, New GM was served with a Summons and Complaint in an action styled *Jordon Rothermel v. General Motors LLC*; Case No. 11-2017-CA-001787-0001-XX, filed October 12, 2017 in the Twentieth Judicial Circuit in and for Collier County, Florida (the "Action").

2. This Action arises out of an incident involving a 2011 Chevrolet Camaro. Compl. ¶ 5. The Complaint alleges that on April 21, 2016, Plaintiff was a passenger in the Camaro when it was involved in a single-vehicle accident. *Id.* ¶ 8. The Complaint specifically alleges that "the key fob to the subject vehicle fell out of the ignition[,] turning off the subject vehicle while it was still moving," and that "the subject vehicle hit a tree." *Id.*

1

Plaintiff claims that "the airbags to the subject vehicle did not deploy upon impact, because the subject vehicle was turned off due to the faulty key system." *Id.*

3. Plaintiff seeks damages under theories of (1) negligence and (2) strict liability. *Id.* ¶¶ 9–23.

4. On March 25, 2014, the Judicial Panel on Multidistrict Litigation ("JPML") established MDL 2543, *In re General Motors LLC Ignition Switch Litigation*. Subsequently, on June 9, 2014, the JPML designated the United States District Court for the Southern District of New York as the MDL Court and assigned the Honorable Jesse M. Furman to conduct coordinated or consolidated proceedings in the Ignition Switch Actions. *In re Gen. Motors LLC Ignition Switch Litig.*, MDL No. 2543, ECF No. 266 (J.P.M.L. June 9, 2014), attached as Exhibit A. The JPML transferred an initial group of fifteen actions pending in six federal districts to the Southern District of New York after concluding that it was "undisputed" that cases alleging a defect in the vehicle ignition switch of certain New GM vehicles satisfied the requirements for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. *Id.* at 2.

5. This Action is one of more than 325 actions (the "Ignition Switch Actions") filed in, or removed to, federal court since February 2014 that assert factual allegations involving defective ignition switches and/or inadvertent key rotation, including in Chevrolet Camaro vehicles. The Ignition Switch Actions have been brought in at least 38 federal district courts, including in Alabama, Arizona, Arkansas, California, Colorado, the District of Columbia, Florida, Georgia, Illinois, Indiana, Kentucky, Louisiana, Massachusetts, Michigan, Mississippi, Missouri, New Jersey, New York, Ohio, Oklahoma, Pennsylvania,

and Texas. *See generally* MDL No. 2543; *e.g.* ECF Nos. 358, 840, and 1006, attached as Exhibit B; *Fleck, et al. v. Gen. Motors LLC*, 14-cv-08176 (S.D.N.Y.) (involving more than 300 personal injury plaintiffs allegedly involved in accidents in various model vehicles, including the Chevrolet Camaro); *Morgan, et. al. v. Gen. Motors LLC*, 15-cv-2844 (S.D.N.Y.) (asserting personal injury claims related to Chevrolet Camaro vehicles, among others); *Altebaumer, et. al. v. Gen. Motors LLC*, 15-cv-4142 (S.D.N.Y.) (asserting personal injury claims related to a Chevrolet Camaro vehicle, among others).

6. As soon as the Clerk assigns this case a docket number, New GM will notify the JPML that this case is a tag-along action pursuant to Panel Rule 7.1. Because the ignition switch allegations in this case share "one or more common questions of fact" with the other Ignition Switch Actions, this case is appropriate for MDL transfer and consolidation with the other Ignition Switch Actions pending in the Southern District of New York. *See* 28 U.S.C. § 1407(a).

## BASIS FOR REMOVAL

7. This Action is removable to this Court under 28 U.S.C. § 1441 because the Court has original jurisdiction under 28 U.S.C. § 1332(a)(3), based on diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs.

8. Complete diversity of citizenship exists because:

    a. At the time of the incident, Plaintiff was a resident, domiciliary, and citizen of the State of Florida. Compl. ¶ 2;

    b. New GM is not a citizen of the State of Florida. New GM is, and was at the time this lawsuit was filed, a Delaware limited liability company with its principal place of business in Michigan. New GM is 100 percent owned by General Motors Holdings LLC, which is also a Delaware limited liability company with its principal place of business

3

in Michigan. General Motors Holdings LLC, in turn, is 100 percent owned by General Motors Company, a corporation organized under the laws of Delaware with its principal place of business in Michigan.

9. Thus, as New GM is not a citizen of the same state as Plaintiff, there is complete diversity between the parties.

10. In the context of removal, the amount in controversy for purposes of diversity jurisdiction should be determined by first considering the plaintiff's complaint. *See Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010). If the plaintiff seeks an unspecified amount of damages, the removing defendant must prove the amount in controversy exceeds the jurisdictional threshold by a preponderance of the evidence. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010); *see also Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy.") (quoting *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)); *see also Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659, 661 (E.D. Tex. 2000) (noting that a complaint "can facially state a claim over the jurisdictional amount [for diversity purposes] when there are *no* numbers in the [complaint] at all") (emphasis in original)). The amount-in-controversy jurisdictional threshold may be "facially apparent" "even when 'the complaint does not claim a specific amount of damages.'" *Roe*, 613 F.3d at 1061 (quoting *Pretka*, 608 F.3d at 754).

11. District courts are permitted to make "reasonable deductions" and "reasonable inferences" and need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *Pretka*, 608 F.3d at 770;

*see also Roe*, 613 F.3d at 1061–62. Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Roe*, 613 F.3d at 1062. Additionally, "[t]he substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard.

12. Here, Plaintiff alleges that he "suffered permanent bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expenses of hospitalization[,] medical and nursing care and treatment, loss of earnings and loss of ability to earn money." Compl. ¶¶ 15, 23. Plaintiff further claims that these "losses are either permanent or continuing" and that he "will suffer the losses in the future." *Id.* It is therefore apparent from the face of Plaintiff's Complaint that the amount in controversy exceeds $75,000. *See Diaz v. Big Lots Stores, Inc.*, No. 5:10-cv-319-Oc-32JBT, 2010 WL 6793850, at *1, 2010 U.S. Dist. LEXIS 143285, at *2 (M.D. Fla. Nov. 5, 2010) (holding the defendant proved by a preponderance of the evidence the amount in controversy exceeded $75,000 in a slip-and-fall case in which the plaintiff sought damages for: "bodily injury and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition" and claimed "[s]ome or all of the injuries are permanent within a reasonable degree of medical probability"); *Purdiman v. Organon Pharms. USA, Inc.*, No. 2:08-CV-0006-RWS, 2008 WL 686996, at *2, 2008 U.S. Dist. LEXIS 19137, at *5 (N.D. Ga. Mar. 12, 2008) ("Viewing these allegations *en toto* in light of the Court's common sense and experience, the

Court concludes that the amount of damages at issue in this action, including past medical bills, the cost of future medical treatment, pain and suffering, and lost wages, more likely than not exceeds $75,000."); *Gebbia v Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (holding it was facially apparent the amount in controversy exceeded $75,000 in a slip-and-fall case in which the plaintiff sought damages for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity and permanent disability and disfigurement").

13.    Defendants may also introduce their own affidavits, declaration, or other documentation," including pre-suit settlement and demand letters, to support the amount in controversy. *Pretka*, 608 F.3d at 755; *Big Lots Stores, Inc.*, 2010 WL 6793850, at *2, 2010 U.S. Dist. LEXIS 143285, at *2 (noting that plaintiff's "pre-suit settlement offer also provides evidence that the amount in controversy exceeds $75,000"). Here, on July 8, 2016, Plaintiff's counsel submitted a letter to New GM alleging Plaintiff suffered "catastrophic injuries to his face as well as multiple fractures and lacerations." *See* <u>Exhibit C</u>, July 8, 2016 letter from J. Zonas. The letter further claimed that, "[t]o date, the out-of-pocket medical expense exceeds $115,000.00." *See id.* New GM has possession of an Account Summary from Physicians Regional Medical Center (Pine Ridge), reflecting total healthcare charges of $97,305.92 for medical treatment Plaintiff received from April 22 – 27, 2016.[1] Plaintiff's demand letter included a settlement demand exceeding $75,000.[2]

---

[1] New GM has not attached a copy of the referenced document, which contains confidential health care information regarding Plaintiff. At the direction of the Court, New GM will produce the document for review *in camera* and/or under seal.

[2] The exact amount of the settlement demand is redacted in Exhibit C. New GM will provide the Court with an unredacted copy of the letter at the Court's directive or if Plaintiff denies the

14. Therefore, this action is one that may be removed to this Court by New GM pursuant to 28 U.S.C. § 1441, as all of the requirements for removal under 28 U.S.C. §§ 1332 and 1441 are met.

## REMOVAL IS TIMELY

15. This Notice of Removal is timely because it is being filed within 30 days after New GM was served with the Summons and Complaint. 28 U.S.C. § 1446(b). Plaintiff filed suit on October 12, 2017, and New GM was served with the Summons and Complaint on October 16, 2017. *See* Exhibit D.

## VENUE

16. The United States District Court for the Middle District of Florida, Fort Myers Division, is the United States district and division embracing the Twentieth Judicial Circuit in and for Collier County, Florida, where this action was filed and is pending. *See* 28 U.S.C. § 89(b). Therefore, venue of this removed action is proper in this Court.

## CONSENT

17. New GM is the only defendant named in the underlying suit. Consent is therefore not necessary to remove this action.

## NOTICE TO THE STATE COURT

18. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all adverse parties and filed with the Twentieth Judicial Circuit in and for Collier County, Florida, where this case was originally filed.

---

amount of the settlement demand exceeded $75,000.

19.    New GM files herewith as <u>Exhibit D</u> copies of all process served upon it in this Action as a part of this Notice, such being the Summons, Standing Order in Civil Cases in the Twentieth Judicial Circuit, and the Complaint.

WHEREFORE, Defendant General Motors LLC respectfully requests that this Action in the Twentieth Judicial Circuit in and for Collier County, Florida, be removed to this Court, and that no further proceedings be had in the Florida state court.

Dated this 7th day of November, 2017.

Respectfully submitted,

*/s/ Michael D. Begey*

MICHAEL D. BEGEY
Florida Bar No. 0120928
E-mail: mbegey@rumberger.com
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone: (407) 872-7300
Telecopier: (407) 841-2133

Attorneys for Defendant General Motors LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by Federal Express to Jason Schwartz, Esq. and James J. Zonas, Esq., Schwartz & Zonas, 700 2nd Avenue North, Suite 102, Naples, FL 34102-5700, this 7th day of November, 2017.

MICHAEL D. BEGEY
Florida Bar No. 0120928
E-mail: mbegey@rumberger.com
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone: (407) 872-7300
Telecopier: (407) 841-2133

Attorneys for Defendant General Motors LLC